UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-00028-ODW (KS)                                        Date: January 29, 2020

Title   *Andre Marvin Jennings v. People of the State of Riverside CA*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On January 6, 2020, Petitioner, a California resident currently serving a term of probation who is proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) On January 8, 2020, the Court ordered Petitioner to show cause why the Petition should not be dismissed because it was wholly unexhausted and failed to name a proper respondent. (Dkt. No. 5.) The Court instructed Petitioner that, to discharge the Order to Show Cause and proceed with this action, he must file:  a First Amended Petition that names as Respondent the state officer having custody over Petitioner; and either a Response establishing that the California Supreme Court had considered and adjudicated Petitioner's claims or a request for a stay.

On January 24, 2020, Petitioner filed a response to the Order to Show Cause (the "Response"). (Dkt. No. 6.)  In the Response, Petitioner states, *inter alia*:

> As we show the fact is important in my case a law[y]er and public defender should use all the evidence in a legal matter on the behalf of the client.  They pushed all the evidence to the side.  A inconvenience in my life I feel that I should be vindicated in the case.  I show cause.
>
> Audio recording from dispatch to the officer.  Where I went and where I was picked up at Pechanga parking lot dropped off at Southwest Detention Center.  It all on audio recording.  Never went to Temecula substation.

> I received audio from attorney (David Shapiro). I paid $3,500 him and he quit . . . I had no other choice but to go with a public defender (Zoha Kahn). I told her about the audio recording from dispatch to the officer as we discussed and went over and reviewed the caes the public defender did not want to use the audio. It would have cleared me of all charges . . .

(Response at 1-2 (errors in original).) Attached to the Response are the following: part of an August 20, 2019 letter from Petitioner's appellate attorney, Robert Hernandez; excerpts from the Reporter's Transcript of Petitioner's trial; a Supplemental Brief from Petitioner's direct appeal to the California Court of Appeal; an Investigations Report from the Riverside County Public Defender; an Informal Discovery Request filed in Petitioner's trial in Riverside County Superior Court; a Motion to Withdraw filed by Petitioner's trial counsel, David Shapiro, due to a breakdown in the relationship; a Chemical Test Admonition; and an Engagement Letter concerning the scope of representation to be provided by Petitioner's trial counsel. (Response at 3-42.)

**However, the Response does not include either of the two documents that the Court ordered Petitioner to file:** a First Amended Petition; and either a response establishing that the state court exhaustion process is complete or a request for a stay to complete that process. (*See generally* Response.) Accordingly, Petitioner has failed to comply with this Court's prior Order to Show Cause, and the Petition remains subject to dismissal for all the reasons stated in the Court's January 8, 2020 Order. Further, Rule 41(b) of the Federal Rules of Civil Procedure states that an action may be subject to involuntary dismissal if a petitioner "fails to prosecute or to comply with these rules or a court order." Thus, the Court also may recommend dismissal for Petitioner's failure to comply with the Court's prior order.

\\
\\
\\
\\
\\
\\
\\
\\
\\

Nevertheless, in the interests of justice, the Court grants Petitioner one <u>final</u> opportunity to avoid dismissal by complying with the Court's January 8, 2020 Order to Show Cause. Therefore, IT IS HEREBY ORDERED that to discharge this Order and proceed with this action, **Petitioner shall file, no later than February 19, 2020, <u>both</u> of the following:**

(1) **a First Amended Petition[1] that names as Respondent the state officer having custody over Petitioner**; and
(2) <u>**either**</u>**:**
    a. **a Response to this Order that establishes that the exhaustion process is complete** – that is, that the California Supreme Court has considered and adjudicated Petitioner's claims for federal habeas relief; <u>or</u>
    b. **a request for a stay pursuant to *Rhines v. Weber*,** 544 U.S. 269 (2005) that establishes <u>all three of the following</u>: (i) there is "good cause" for Petitioner's failure to exhaust his claims for relief; (ii) the unexhausted claims are "potentially meritorious;" and (iii) Petitioner has not engaged in "intentionally dilatory litigation tactics."

Alternatively, if Petitioner no longer wishes to proceed with this action, he may file a signed document entitled "Notice of Voluntary Dismissal" and the Petition will be dismissed without prejudice.

**Petitioner is warned that his failure to timely comply with this Order and correct the defects in the Petition as directed by the Court <u>will</u> result in a recommendation of dismissal.**

The Clerk is directed to send Petitioner a copy of the Court's January 8, 2020 Order, which gives Petitioner a notice and explanation of the defects in the Petition, and the Central District's form state habeas petition. Petitioner is strongly encouraged to use the Central District's form habeas petition when filing his First Amended Petition.

**IT IS SO ORDERED**.

:

**Initials of Preparer**   gr

---

[1] Any First Amended Petition may not refer to Petitioner's earlier pleadings or assume the reader's familiarity with the Petition or any of its attachments. Any claims included in the Petition but omitted from the First Amended Petition will be deemed abandoned.